Martin, J.
The petition states, that the plaintiff, in 1767. married Louis Chamard, to whom she brought $400 in marriage; that her donaire prefix, according to the custom of Paris, was $200; that during her marriage, she inherited from her mother $4675; that her husband died in 1808; that the defendant possessed himself of his estate; caused it to be sold, and has rendered no account of it; that he thereby intermeddled in the succession, so as to render himself liable for the plaintiff's privileged debt.
*397 West'n District.
The defendant pleaded the general issue ; averring, that if he did take possession of Louis Chamard's estate, he was fully authorised as curator, &c.; and he administered fully and faithfully, &c.; that she has received what is due from him.
There was judgment for the plaintiff for $346 53 cents, with interest at 5 per cent, till paid. The defendant appealed.
The $600 due under the marriage contract, appear by an authentic instrument, and are not denied. It is admitted that the defendant was duly appointed curator of the estate. The sum inherited from her mother is proven, and it is admitted, she bought at the sale of the estate, a house and lot for $411; and other small articles, amounting to $19 50 cents.
The only question is as to the interest. It has been allowed from the death of the husband in 1808; the defendant contends it ought to have been allowed from the judicial demand. Pothier in his treatise, Du Douaire, art. 206, says, that when the dower is to be paid en deniers une fois payés, a sum of money once paid, interest is only due from the judicial demand. Coutume de Paris. Title Douaire, 152.
Johnson and Mills for the plaintiff, Bullard for the defendant.
I think the judgment of the district court ought to he reversed, and the interest of the dower is to be allowed only from the judicial demand. The costs of this appeal to he borne by the appellee.